## Case No. 16,494.

### UNITED STATES v. THORPE.

[2 Bond, 340.] [1]

Circuit Court, S. D. Ohio. Feb. Term, 1870.

CITIZENSHIP IN STATE—EFFECT OF REMOVAL—INTENT TO RETURN—QUALIFICATION OF JURORS.

1. Where a person who had resided for years, and pursued business, at Cincinnati, removed to Covington, Kentucky, with the intention of returning to Cincinnati, and never voted in Kentucky, but uniformly voted in Cincinnati as an elector of Ohio, and who, pursuant to his original intention, returned to Cincinnati: *held*, that such person did not, by such removal, lose his citizenship in Ohio.

2. Such a person is qualified to serve as a juror in a court of the United States, sitting in Ohio; and a new trial will not be granted on the ground of his disqualification to serve as such juror.

[This was an indictment charging Andrew J. Thorpe with defrauding the government, in violation of the internal revenue laws. Motion for new trial on the ground of the disqualification of one of the jurors.]

Warner M. Bateman, Dist. Atty., and Henry Hooper, for the United States.

H. C. Whitman, for defendant.

LEAVITT, District Judge. The defendant, after a fair trial by an intelligent jury, has been found guilty on an indictment charging him with two distinct frauds, in having in possession, and offering for sale and selling, numerous caddies or boxes of tobacco with stamps which had been before used. His counsel now moves the court to set aside the verdict, and award a new trial, on the sole ground that John McHenry, one of the jurors, was not a legal juror, as not being a qualified elector of the state of Ohio. There is no doubt that the act of congress, in relation to jurors in the courts of the United States, requires that they should have the qualification of electors in the state in which they are summoned to serve. And by the law of Ohio, it is provided that no one is a legally qualified elector, who has not resided one year in the state, and at least thirty days in the township or precinct, in which he offers to vote.

The only ground on which it is urged by the counsel for the defendants that the juror was disqualified to act, is that he had not been a resident in Ohio for one year prior to the trial, and was not, therefore, a qualified elector of the state. The facts, as presented to the court by the affidavits on file, are, that McHenry, for many years prior to the year 1866, had been a resident of, and was in business at, Cincinnati. Some time during that year he rented a house in Covington, Kentucky, and removed his family there, but continued his business at Cincinnati, giving every day his personal attention to it. He states, in his affidavit, that he

never intended to become a citizen of Kentucky, but during his sojourn there regarded himself as a citizen of Ohio, always voting there as such, without objection or challenge, and never voting, or attempting to vote, in Kentucky. He also swears that the removal to that state was merely temporary, and with the intention of returning to Cincinnati. And pursuant to that intention, in April last, he returned to that city, where he now resides, and where he voted at the recent election without dispute; his vote being received by the judges of the election as a qualified elector of Ohio.

In this state of facts, it is clear that, within the spirit, and by a reasonable construction of the statute of Ohio, McHenry did not forfeit any of his rights of citizenship in that state. During his temporary residence in Kentucky his intention was to return to this state. And, as evidence that he did not intend to lose his rights as a citizen here, abstained from voting in Kentucky, and uniformly exercised the right here. The intent of the Ohio statute, in requiring a year's residence in the state, and thirty days in the township or precinct, obviously was to prevent the introduction or importation of unqualified voters from other counties or states, with the fraudulent purpose of voting at elections. This reason, in no sense, applies to McHenry, from the facts before the court. That he was accepted and held as a qualified elector in this state, by the judges of the elections here, to whom he was personally known, and whose duty it was judicially to decide as to the qualification of voters, is a fact of some significance in this case. The court can see no legal necessity for ignoring their decision.

It is noticeable in this case, that there is no pretense that the verdict of the jury was not fully sustained by the evidence, or that any different result would take place if a retrial of the case was ordered. The court is reluctant to disturb the verdict of the jury upon facts presented in support of this motion. The motion for a new trial is overruled.

The defendant was sentenced to pay a fine of $2,000, and to imprisonment for one year.